IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LEROY SUMLIN,

   Petitioner,

    v.

WARDEN JOHN GIBSON, et al.,

   Respondent.

CIVIL ACTION FILE
NO. 1:06-CV-2333-TWT

ORDER

This is a pro se civil rights action. It is before the Court on Defendant Medical Director of Fulton County Jail's Motion to Dismiss [Doc. 24]. For the reasons set forth below, the Defendant's motion is GRANTED.

I. BACKGROUND

The Plaintiff, Leroy Sumlin, was an inmate at the Fulton County Jail in Atlanta, Georgia. He claims that he is suffering from internal bleeding in his stomach or colon as a result of the failure of Fulton County Jail personnel to treat him properly. Specifically, the Complaint alleges that in November 2004, he was told by a physician's assistant at the jail that he had too much protein in his blood. He claims that he was informed that he was being scheduled to see a cancer specialist at Grady

Hospital and that a letter was sent to his sister confirming this. This visit apparently never occurred.

The Plaintiff next alleges that in approximately July 2006, he developed diarrhea. He requested medical attention and he received "gas pills Zantacs and Maloox [sic]." (Compl., ¶ 4.) This apparently did not curb his diarrhea, so he was then prescribed brown pills called "Emodiam." (Id.) After he had taken these pills for one week, his internal bleeding began. He contends that he continues to bleed internally, yet has not been taken to the hospital. The doctors at the jail allegedly told him that because they are not specialists, they can do nothing for him. He thus claims that between November 2004 and August 2006, he has been denied proper medical treatment by the doctors or by Fulton County Sheriff Myron E. Freeman.

On September 24, 2006, the Plaintiff filed this action against the following Defendants: John Gibson, Warden of Fulton County Jail; the State of Georgia; Fulton County Jail; Sheriff Freeman; Fulton County Board of Commissioners; and the "Medical Director of Fulton County Jail." The State of Georgia was previously dismissed on grounds of Eleventh Amendment Immunity. Correctional Medical Associates, Inc. ("CMA"), which provides medical services to Fulton County inmates but was misidentified in the Complaint as "the Medical Director or Fulton County Jail," now moves to dismiss the Plaintiff's claims against it.

## II. MOTION TO DISMISS STANDARD

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed. R. Civ. P. 12(b)(6); see Conley v. Gibson, 355 U.S. 41, 47 (1957); Linder v. Portocarrero, 963 F.2d 332 (11th Cir. 1992). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff. See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983). Generally, notice pleading is all that is required for a valid complaint. See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986). Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Id.

## III. DISCUSSION

The Plaintiff has failed to respond to the Defendant's Motion to Dismiss. Pursuant to Local Rule 7.1, this failure indicates that there is no opposition to the Defendant's motion. See Welch v. Delta Airlines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997). This claim is thus deemed abandoned. Even if the Plaintiff had responded, moreover, this claim is subject to dismissal because the Complaint fails properly to allege any claim against this Defendant. As a private corporation, CMA

is liable under Section 1983 only if it has an official policy or custom that caused this alleged constitutional deprivation. Demm v. Charlotte County Jail Admin. & Staff, 2007 WL 57772, at *6 (M.D. Fla. Jan. 5, 2007) (citing Monell v. Dep't of Soc. Serv., 436 U.S. 658, 691 (1978)); see also Burke v. N.D. Dep't of Corr. & Rehab., 294 F.3d 1043, 1044 (8th Cir. 2002) (per curiam) (holding that a corporation acting under color of state law may be liable only if a policy, custom, or action by those who represent an official policy inflicts injury actionable under § 1983). No such allegation exists here. Furthermore, to the extent that the Plaintiff is claiming that CMA is liable for the actions of its doctors or nurses, his claim must fail because respondeat superior liability is not available under Section 1983. See Farrow v. West, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003). Accordingly, the Plaintiff's claim is subject to dismissal on the merits.

## IV. CONCLUSION

For the reasons set forth above, Defendant Medical Director of Fulton County Jail's Motion to Dismiss [Doc. 24] is GRANTED.

SO ORDERED, this 10 day of May, 2007.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge